United States District Court
Southern District of Texas
**ENTERED**
September 22, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America | § § § | |
| v. | § § | Case No. 7:25-cr-01165 |
| Benjamin Beard | § § § | |

### ORDER GRANTING MOTION TO MODIFY CONDITIONS OF RELEASE

This Order grants the United States of America's implicit motion (Dkt. 22) to modify the conditions of release for Defendant Benjamin Beard (Dkt. 21). As explained below, Defendant cannot continue in his current employment while on release.

### Background

On September 18, 2025, Defendant Benjamin Beard appeared in this Court on the pending indictment (Dkt. 1) charging him with unlawfully exporting ammunition outside the United States, in violation of 18 U.S.C. § 554(a) and 2. The Government did not oppose Defendant's release pending trial, but the Government objected to allowing Defendant to continue his current employment as a gunsmith and licensed armorer at Marksman Indoor Range. The Court entered conditions of release that did not prohibit Defendant's current employment, Dkt. 21, but made that order subject to

further briefing on whether Defendant's employment role would violate federal law and, if so, whether the Government would seek to prosecute him for that offense, *see* Docket Entry (Sept. 18, 2025).

Later that day, two ATF agents visited Defendant's place of employment. *See* Dkt. 25 at 5-6 (explaining this sequence of events). The agents spoke privately with Isaac Robledo, an employee at Marksman Indoor Range, and directed him to prohibit Defendant's access to any firearms in the armory. *See id.* at 6. They also instructed Robledo to relay their directive to the business's owner. The directive was conveyed to Robledo's supervisor, then to Defendant and his counsel. 924(a)(1)(D).

The next day, the Government filed an "Advisory to the Court" that invokes 18 U.S.C. § 922(n). Dkt. 22. Section 922(n) makes it unlawful for person to "to ship or transport in interstate or foreign commerce any firearm or ammunition *or receive* any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(n). According to the Government, "Defendant would be expected to receive multiple firearms through his employment as a gunsmith," and most of the guns would have been shipped to Texas from other states. *See* Dkt. 22 at 1. Given the Advisory's substance, the Court construes it as a motion to modify Defendant's bond conditions by disallowing Defendant's current employment.

Defendant filed a response. Dkt. 25. The response does not dispute that Section 922(n) prohibits Defendant from receiving a firearm. *See* Dkt. 25 at 8. And Defendant concedes that taking possession of a firearm constitutes receipt. *See id.* (citing *United States v. Hammons*, 566 F.2d 1301, 1303 (5th Cir. 1978)). Defendant also notes that his work at Marksman Indoor Range would involve, among other things:

- inspecting and diagnosing firearms for malfunction, wear, or damage;
- repairing and restoring firearms to safe, functional conduct;
- cleaning and maintaining firearms;
- modifying firearms to improve their performance, accuracy, or ergonimics; and
- installing or replacing firearm parts like scopes, sights, triggers, and grips.

Dkt. 25 at 5.

## Analysis

There is no dispute that Section 922(n) forbids Defendant from receiving firearms while under federal indictment. Defendant, however, maintains that merely working on firearms, as a gunsmith and licensed armorer at his place of employment, would not violate Section 922(n). *See* Dkt. 25. The law does not support his position.

When, as here, a statute does not define a particular term, the Court applies its plain and ordinary meaning. *See United States v. Dickson*, 632 F.3d

3

186, 189 (5th Cir. 2011). The word "receive" means "to come into possession of or get from some outside source." *Receive*, Black's Law Dictionary (12th ed. 2024); *see also Receive*, Merriam-Webster Online Dictionary (defining "receive" as "to come into possession of"), *available at* https://perma.cc/97SW-5BEV. Defendant also acknowledges that taking possession of a firearm equates to receiving it, citing decisions addressing parallel provisions in Section 922. *See* Dkt. 25 at 8 (quoting, *inter alia*, *United States v. Clark*, 741 F.2d 699, 703 (5th Cir. 1984) ("[K]nowingly taking possession of a firearm constitutes 'receipt' in violation of section 922(h)").

The Court is not persuaded by Defendant's characterization of his handling of firearms at work as something less than possession and receipt. By his own description, Defendant's gunsmith work at Marksman Indoor Range inherently requires him to inspect, repair, restore, clean, and modify firearms. While performing those tasks, those firearms would be under his physical control.[1] That is enough to constitute actual possession. *See United*

---

[1] Defendant's contention that he merely "touches" firearms without possessing them is unpersuasive. Defendant's work involves much more than just picking up a firearm and setting it down. Far from being incidental, exercising physical control over the firearm is indispensable to performing the repair or maintenance work that he is hired to perform. Defendant's reliance on *United States v. Smith*, 997 F.3d 215, 221 (5th Cir. 2021), which deemed "mere touching" insufficient to constitute possession, is therefore inapposite.

4

*States v. Hagman*, 740 F.3d 1044, 1048 (5th Cir. 2014) (actual possession of firearms is shown by "direct physical control over them").

The fact that Defendant would possess and control the firearms only temporarily does not alter its unlawfulness under § 922(n). The statute includes no safe harbor for individuals who receive firearms as part of their employment. It also matters not that Defendant's employer and the firearms' actual owners would retain legal control over the firearms while they were in Defendant's physical custody. *Cf. United States v. Fambro*, 526 F.3d 836, 839 (5th Cir. 2008) (constructive possession of a firearm "need not be exclusive[;] it may be joint with others").

The Court also disagrees with Defendant's suggestion that his handling of firearms at work in the future would not constitute a "willful" violation of § 922(n), as required under 18 U.S.C. § 924(a)(1)(D). The term "willful," as used in the criminal context, generally requires proof that a defendant "acted with knowledge that his conduct was unlawful." *Bryan v. United States*, 524 U.S. 184, 191-92 (1988) (quotation omitted). And here, the Government has made its position clear: Defendant cannot lawfully work on firearms. *See* Dkt. 22. The Court agrees. Going forward, Defendant would be unable to claim, credibly, that he lacked awareness of its illegality.

In short, § 922(n) forbids Defendant from working as a gunsmith or armorer while the indictment is pending.[2] Although this limitation affects Defendant's means of earning a living, that is a not-uncommon consequence of being indicted. The Court has no authority to exempt Defendant from the strictures of federal law.

## Conclusion

For the foregoing reasons, it is **ORDERED** that the Government's motion (Dkt. 22) to modify Defendant Benjamin Thomas Beard's conditions of release (Dkt. 21) is hereby **GRANTED**. Condition 7(b) is **MODIFIED** to state as follows:

> Defendant must ... (b) Maintain or actively seek FULL-TIME verifiable employment. If legally allowed to work and provide proof to the US Probation officer. **<u>Defendant cannot work nor continue his current employment as a gunsmith or armorer while the indictment is pending</u>**.

Signed on September 22, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

---

[2] The Court need not reach the rule of lenity because § 922(n) is clear and unambiguous. *See United States v. Moore*, 71 F.4th 392, 399 n.14 (5th Cir. 2023) (declining to apply rule of lenity upon holding that statutory language was unambiguous).